UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARLI SHAFFETT, ETC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10- 0054** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC et al.** | **SECTION "C"(3)** |

### ORDER AND REASONS[1]

Before the Court is Defendents', Marquette Transporatation Company, LLC and Marquette Transportation Company Gulf-Inland, LLC, ("Marquette") Motion to Dismiss Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

After a thorough review of the law, the record, the motions, and the memoranda filed in support of and in opposition to the motions, the Defendants' Motion to Dismiss Complaint pursuant to Rule 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART.**

 **I. Procedural and Factual Background**

On February 6, 2009 the defendant Marquette was the employer of Christopher Joseph Homer ("decedent") and the owner and operator of the M/V FATHER SEELOS. (Rec. Doc. 4 at 2). On February 6, 2009, the decedent, while working during the course and scope of his employment with Marquette as a member of the crew of the M/V FATHER SEELOS, fell overboard and died. (Rec. Doc 4 at 4; Rec. Doc. 11-1 at 1).

---

[1] Natalie LaBorde, a third year law student at Louisiana State University Law Center, contributed significantly to the research and preparation of this decision.

1

On January 8, 2010 Plaintiff Harli Shaffet ("Shaffet"), on behalf of her minor child, K.N.S brought suit against Defendents in the United States District Court for the Eastern District of Louisiana alleging violations of the operative provision of the Jones Act, 46 U.S.C. §30104 et seq.[2], with pendent state claims and alternative claims under General Maritime Law. (Rec. Doc. 1 at 3). Specifically, Shaffet alleges the negligence of Marquette and the unseaworthiness of the MV/ FATHER SEELOS caused or contributed to the decedent's death. (Rec. Doc. 1 at 4). She also asserts wrongful death and survival actions under La. Civ. Code Art. 2315.1. (Rec. Doc 1 at 5). Finally, Shaffet asserts a paternity action under Louisiana law seeking recognition that Homer is the father of the minor child.The decedent was allegedly the father of the Plaintiffs minor child, K.N.S., however paternity has not yet been determined. (Rec. Doc. 1 at 5; Rec. Doc. 14 at 1).

Defendants Marquette, through undersigned counsel, argue that Shaffet's claims against them should be dismissed because (1) Shaeffet lacks procedural capacity to bring the claim against Marquette for wrongful death or survival under the Jones Act, 46 U.S.C. §30104 et seq. (2) Shaeffet's claims for wrongful death and survival action under Louisiana law are improper because the Jones Act provides the exclusive remedy and should be dismissed, and (3) that the paternity claim should be dismissed because federal courts do not exercise jurisdiction over suits involving domestic relations. (Rec. Doc. 11-1 at 2; Rec. Doc. 19 at 1).

---

[2] A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section. 46 U.S.C. §30104 et seq.

## II. Law and Analysis

### A). Procedural Capacity to Bring the Action.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted. In determining whether this dismissal is appropriate, the Court must decide whether the facts alleged, if true, would entitle plaintiff to some sort of legal remedy. *Ramming v. U.S.*, 281 F. 3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

"The purpose of a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the complaint, not to judge the merits of the case." *First National Bank of Louisville v. Lustig*, 809 F. Supp 444,446 (E.D. La. 1992). Dismissal is appropriate only if the district court could not afford relief to the plaintiff under any set of facts consistent with the allegations in the complaint. *Westfall v. Miller,* 77 F.3d 868, 870 (5th Cir. 1996) (citing *American Waste & Pollution Control Co. v. Browning-Ferris,* 949 F.2d 1384, 1386 (5th Cir. 1991)). Furthermore, in *Westfall,* the Court stated that in viewing the facts in favor of the plaintiff, the Court need not strain to find inferences favorable to the plaintiff but also acknowledged that the plaintiff is entitled to all inferences that surface from a fair and reasonable reading of the pleadings. *Id*. The court also need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards Inc.*, 677 F.2d 1045, 1046 (5th Cir. 1982).

The Plaintiff, on behalf of her minor child, K.N.S. brings this action against Defendants Marquette, under the Jones Act, 46 U.S.C. §30104 et seq. (Doc. Rec. 1 at 3).The Jones Act authorizes

a cause of action for the wrongful death of a seaman brought by the seaman's "personal representative." 46 U.S.C. §30104. In the Opposition to Defendant's Motion to Dismiss, the Plaintiff argues that the capacity of a party to sue or be sued is determined by the law of the forum state, which in this case would be Louisiana law regarding rights to recovery for injuries to deceased persons. The Plaintiff's argument is based on the ruling in *Gurley v. Lindley*, 459 F.2d 268 (5th Cir. 1972). However, unlike the present case, the decision in *Gurley* did not involve a Jone's Act claim. Furthermore, it is a well accepted legal principle of admiralty law that a cause of action under the Jones Act and/or General Maritime Law can only be asserted by the personal representative of the decedent and not by the beneficiaries of the claim. *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 389, 90 S.Ct. 1772, 1781, 26 L.Ed.2d 339 (1970).

A "personal representative" is the court approved executor or administrator of the decedent's estate. *Carlton v. Zapata Lexington, et, al.*, 811 F.2d 919, 921 (5th Cir. 1987) (citing *Briggs v. Walker*, 171 U.S. 466, 472-73, 19 S.Ct. 1, 43 L.Ed. 243; *Ivy v. Security Barge Lines, Inc.,* 585 F.2d 732, 734 (5th Cir. 1978), (modified on other grounds), 606 F.2d 534 (1979) (en banc), cert. Denied, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed. 815 (1980). The personal representative holds any recovery in trust for the beneficiaries named in the Act. *Chicago, Burlington and Quincy Railroad Co.,* 275 U.S. 163,167, 48 S.Ct. 73*; Landry v. Two R. Drilling Co.*, 511 F.2d 138, 141 n. 2 (5th Cir.1975).

Here there is no evidence that Shaffet is the court appointed executor or administrator of the decedent's estate and therefore lacks procedural capacity to bring this suit. In *Tidewater Marine Towing, Inc. V. Dow Chemical Co., Inc.*, 689 F. 2d 1251, 1252 (5th Cir. 1982), the 5th Circuit affirmed a district court's ruling that only a court appointed representative of the deceased may bring a *Moragne*

action, in addition to other maritime claims. However, in affirming the lower court's ruling, the 5thCircuit went on to hold: "But this affirmance does not cut off the right of the parties seeking recovery for the death of DANIEL DUPRE to obtain an appointment of personal representative and, thereafter, the filing by such personal representative of an amended claim..." *Id.* at 1253.

Similarly, this Court holds that the rights of K.N.S. as the decedent's only child, should not be "cut off" and that Plaintiff should be given a reasonable period of time, as legal representative of K.N.S., to be appointed personal representative of the decedent's estate. This Court acknowledges that a filiation action is currently pending in the 24th Judicial District to confirm the decedent's paternity of K.N.S. and upon such a showing, the Plaintiff will file an action in state court to have herself, as the legal representative of K.N.S., appointed as administratrix of the decedent's Estate.

### B. State Law Claims and Paternity Action

The Plaintiff has no opposition to the dismissal of both the state law claims for a wrongful death and survival action and the paternity action from her Complaint.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss Complaint pursuant to Rule 12(b)(6) is **DENIED IN PART** and **GRANTED IN PART** for the reasons listed below:

1. Defendant's Motion to Dismiss on the grounds that the Plaintiff lacks procedural capacity to bring a claim under the Jones Act, 46 U.S.C. §30104 is **DENIED** without prejudice. Plaintiff is hereby allotted three months, upon the showing of paternity of K.N.S., to file in state court to have herself appointed as administratrix of the decedent's estate. Should the Plaintiff fail

to do so within that time, without just cause, the Complaint shall be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendant's Motion to Dismiss is **GRANTED** as to the dismissal of the state law claims and the paternity action from the Complaint.

New Orleans, Louisiana, this 1st day of October, 2010.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE